IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John M. McKenzie, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Fresenius Medical Care AG et al., <br><br> Defendants. | No. C-03-4211 VRW <br><br> **STIPULATED ORDER OF CONFIDENTIALITY** |

    Subject to the approval of this Court, it is hereby stipulated and agreed, by and between plaintiffs John M. McKenzie, Timothy Kado, and Janyce Kiplinger Kado, Eugene W. Albert, and Philip L. Gregory (collectively, "Plaintiffs") and defendants Fresenius Medical Care AG, Fresenius Medical Care North America and SRC Holding Company, Inc. (collectively, "Defendants"), through their counsel in the above-captioned action, as follows:

    1.  It is anticipated that some information (a) conveyed by or contained in a document produced or (b) stated in response to an interrogatory or request for disclosure or (c) disclosed in a deposition by a party or a nonparty in the course of discovery in this action, may be confidential. Subject to Paragraph 2, any party or non-party which reasonably and in good faith believes information produced in this case to be confidential may, at the time of production, designate in writing such information as "Confidential," and the information so designated ("Confidential Material") shall thereafter be subject to the provisions of this Stipulated Order of Confidentiality.

LA2:782988.1

2. For purposes hereof, the term "Confidential Material" shall mean any and all non-public material which is produced in the course of discovery proceedings herein where such material contains trade secrets, private information regarding a party's employees, clients or customers or their patients, or other sensitive commercial, financial, proprietary or business information, the public disclosure of which, in the good faith judgment of a party, may adversely affect the commercial, business, or financial position of that party, or is prohibited and/or restricted by any pre-existing restriction that a party has with any third party.

3. Any party may designate any material as "Confidential" regardless of whether it produced that material.

4. Material may be designated as "Confidential" by placing or affixing on such material a "Confidential" notice. Without limiting the foregoing, the following procedures may be employed to designate specific types of Confidential Material:

    a. <u>Documents</u>. Documents may be designated as Confidential by marking each page of the document "Confidential." In lieu of marking the originals of documents, the producing party may mark the copies that are produced or exchanged.

    b. <u>Depositions</u>. Information disclosed at depositions during the course of this action may be designated by the deponent or any party as Confidential by indicating on the record at the deposition that the testimony is Confidential and subject to the provisions of this Stipulation and Order of Confidentiality. In addition, at any time within thirty (30) days after receipt of the transcript, the deponent, or any party, may designate information disclosed at such deposition as Confidential by notifying all parties, in writing, of the portion(s)

of the deposition transcript and/or exhibits thereto, which are Confidential. In the event that any portion of any deposition transcript or exhibit is so designated, the first page and designated portion(s) of any such transcript or exhibits shall be appropriately marked "Confidential" by each party.

   c. <u>Discovery Reponses</u>. All or any part of responses to interrogatories, document requests, requests to admit or other discovery requests may be designated as Confidential Material by the responding party by appropriately marking the face of the document with a "Confidential" legend.

  5. The obligations set forth in this Stipulated Order of Confidentiality shall not apply to material designated as Confidential Material which:

   a. Can be shown by documentary evidence to have been obtained from a public source;

   b. Can be shown by documentary evidence to have been independently known to the receiving party prior to the time it was produced by the producing party, unless such material is subject to any pre-existing contractual confidentiality restriction;

   c. Is received by the receiving party from a third party, unless such material is subject to any pre-existing contractual confidentiality restriction; and/or

   d. Is specifically required to be disclosed by an order of the Court; provided, however, that the producing party must be given sufficient notice prior to any such

disclosure to enable it to duly and properly object to any such disclosure of Confidential Material.

      6.    Subject to the provisions of Paragraphs 7, 9, and 10 below, Confidential Material shall be disclosed only to:

    a.    the Court and its personnel;

    b.    the court reporter(s) employed in this action;

    c.    language translators unrelated to the parties that agree to abide by this Stipulated Order of Confidentiality;

    d.    counsel in this case (together with their legal assistants and clerical staff);

    e.    the parties and their directors, officers, in-house counsel, employees reasonably required to view the Confidential Material to assist in this action, insurers who agree to abide by this Stipulated Order of Confidentiality, and auditors who agree to abide by this Stipulated Order of Confidentiality;

    f.    any person whose testimony may or will be given at a deposition or at trial in this action, but only insofar as is necessary for that testimony;

    g.    testifying experts (together with their clerical staff), but only insofar as is necessary for that testimony; and

    h. non-testifying experts, consultants or investigators (together with their clerical staff), but only insofar as is necessary for the purpose of their retention.

Nothing herein shall limit the designating party with respect to reviewing and using its own Confidential Material.

    7. Prior to being permitted access to Confidential Material subject to this Stipulated Order of Confidentiality, any individual or business entity described in Paragraphs 6(f) – (h) above shall sign an Acknowledgement in the form annexed hereto as Exhibit A stating that he/she has read and understands the terms of this Stipulated Order of Confidentiality and shall abide by them. The original of each such Acknowledgement shall be retained by counsel of record for the party permitting disclosure.

    8. Should any party or non-party be required to produce or make discovery of any Confidential Material that contains extremely sensitive commercial, financial, or business information, the disclosure of which to the receiving party is either restricted by law or is reasonably likely to cause (i) identifiable competitive injury to the producing party or any third party, (ii) injury to a person in his or her personal life, or (iii) injury to a person or entity's reputation, that party may designate such information as "Attorneys Only Confidential." In the event that a party designates information as "Attorneys Only Confidential," the information shall be treated the same as and shall be subject to the same procedures as set forth in this Stipulated Order of Confidentiality for information simply designated as Confidential Material, except that such information shall be disclosed <u>only</u> to: (i) outside counsel for the parties (together with their clerical assistants and legal staff); (ii) inside counsel for the parties; (iii) testifying experts who need such information to advise the parties' respective counsel or to testify in this action

(together with their clerical staff); (iv) consulting or non-testifying experts who need such information to advise the parties' respective counsel in this action (together with their clerical staff); and (v) any judicial officer of the United States District Court, Northern District of California, the Superior Court of California and any appellate court hearing this matter, including such judicial officer's clerks and staff members as he or she deems appropriate. Nothing herein shall limit a designating party with respect to reviewing and using its own Attorneys Only Confidential Material.

9.  Persons receiving Confidential Material or Attorneys Only Confidential Material shall use such Confidential Material or Attorneys Only Confidential Material only for the purposes of the prosecution of this action, and for any appeal thereof, and for no other purpose; no person receiving any Confidential Material or Attorneys Only Confidential Material shall disclose such Confidential Material or Attorneys Only Confidential Material to any person other than those described above.

10.  All Confidential Material and/or Attorneys Only Confidential Material filed with the Court, including all depositions or any part of the depositions which contain material designated as Confidential Material and/or Attorneys Only Confidential Material and all papers (including affidavits and memoranda of law) relying on or purporting to reproduce or paraphrase Confidential Material and/or Attorneys Only Confidential Material, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an identification of the contents of such sealed envelope or container, the words "CONFIDENTIAL MATERIAL" and/or "ATTORNEYS ONLY CONFIDENTIAL MATERIAL," and an explanation that the information contained therein is protected by this

Stipulated Order of Confidentiality. The parties shall file under seal only that information that has been designated as Confidential Material and/or Attorneys Only Confidential Material, where practicable; if doing so is impracticable, the parties shall file the entire document containing Confidential Material and/or Attorneys Only Confidential Material under seal. In the event that any party objects in good faith in writing to the filing of any Confidential Material and/or Attorneys Only Confidential Material under seal, the parties shall first confer in an attempt to resolve any such objection in good faith. If the objection cannot be resolved within ten (10) business days, the party seeking to maintain the filing of such Confidential Material and/or Attorneys Only Confidential Material under seal shall make a motion within five (5) business days seeking an appropriate protective order from the Court permitting such material to remain under seal; the party making such motion also shall bear the burden of proof as to whether the filed material is entitled to such a protective order. All Confidential Material and/or Attorneys Only Confidential Material filed under seal as to which an objection is made shall remain under seal until such objection is resolved by the parties or by the Court. In the event that objection is made to the filing of any Confidential Material and/or Attorneys Only Confidential Material under seal and the non-objecting party does not seek an appropriate protective order from the Court, the objecting party may make a motion seeking to remove the seal on such material; the failure by a non-objecting party to seek an order permitting such Confidential Material and/or Attorneys Only Confidential Material to remain under seal shall be deemed conclusively to establish that such material is not entitled to be filed under seal, and the Court shall order that such Confidential Material and/or Attorneys Only Confidential Material not be maintained under seal.

11. Upon the termination of this action by voluntary dismissal, settlement, or judgment and the expiration of time to take any further appeals therefrom, the parties each shall destroy all Confidential Material received from any source, including all copies, prints and other reproductions of such information in the possession of the party or counsel, or alternatively, return the confidential information to the source.

12. In the event that any party objects in good faith in writing to the designation of specific information or materials as Confidential or Attorneys' Only Confidential Material, the parties shall first confer in an attempt to resolve any such objection in good faith. If the objection cannot be resolved within ten (10) business days, the party seeking to maintain the confidentiality of the material at issue shall make a motion seeking an appropriate protective order from the Court; the party making such motion also shall bear the burden of proof as to whether such material is entitled to a protective order maintaining its confidentiality. All material as to which an objection is made shall be treated as Confidential Material by the parties until such objection is resolved either by the parties or by the Court. The designation of information as "Confidential" shall not create any presumption with regard to the actual confidentiality of any document, nor shall it affect the burden of proof necessary for obtaining an appropriate protective order from the Court.

13. This Stipulated Order of Confidentiality shall be without prejudice to the right of the parties: (a) to bring before the Court at any time (subject to the procedural requirement of paragraph 12) the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court for a

separate protective order, or other appropriate relief, as to any particular document or information, including restrictions differing from those specified herein.

14. This Stipulated Order of Confidentiality shall not be deemed a waiver of any party's right: (a) to object to any discovery request on any ground; (b) to seek an order compelling discovery with respect to any discovery request; and/or (c) to object to the admission of any evidence on any grounds in any proceeding.

15. If Confidential Material or Attorneys Only Confidential Material is produced or disclosed without having been so designated, future disclosure of the document or thing may be restricted in accordance with this Stipulated Order of Confidentiality by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the document or thing. The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential Material or Attorneys Only Confidential Material, except as permitted by this Order.

16. This Court retains jurisdiction even after the termination of this action to enforce this Stipulated Order of Confidentiality and to make such amendments, modifications, deletions, and additions to this Stipulated Order of Confidentiality as the Court may from time to time deem appropriate. The parties hereto may apply to the Court at any time, before or after termination, for an order modifying this Stipulated Order of Confidentiality or seeking further protection against discovery or use of Confidential Material or Attorneys Only Confidential Material.

17. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence.

18. The parties agree to submit this Stipulated Order of Confidentiality to the Court to be "So Ordered" and further agree that, until this Stipulated Order of Confidentiality is approved by the Court, it shall be effective as if approved. If the Court does not approve this stipulation, it shall nonetheless remain binding on the parties as a matter of contract for purposes of this litigation.

19. If a producing party inadvertently produces material that it considers to be protected by any privilege or immunity, including, without limitation, the attorney-client and work product privileges, the fact of such production shall not constitute or be deemed a waiver of any such privilege or immunity. The party making such inadvertent production shall promptly notify the party receiving such material, and the receiving party shall promptly return such material, and all copies thereof, to the producing party and shall not maintain any documents or information which refers to, or makes use of in any way, the inadvertently produced material. In the event a party wishes to challenge an assertion of privilege or immunity with respect to any inadvertently produced material, it shall not assert the production of such material as the basis for a claim of waiver of any such privilege or immunity; provided, however, that the producing party shall bear the burden of proof with regard to the issue of inadvertence.

20. This Stipulated Order of Confidentiality may be executed and signed in counterparts, and may only be modified by the consent, in writing, of the parties hereto.

Dated: 12/20/05

MICHAEL K. JOHNSON
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Michael K. Johnson
Attorneys for Defendants
SRC HOLDING COMPANY, INC. and
FRESENIUS MEDICAL CARE NORTH AMERICA

LOUIS B. KIMMELMAN
CLAUDIA E. RAY
A. PATRICIA KLEMIC
O'MELVENY & MYERS LLP

By: _____
Claudia E. Ray
Attorneys for Defendant
FRESENIUS MEDICAL CARE AG

MADONNA A. HERMAN
TRUMP ALIOTO TRUMP & PRESCOTT

12/19/05

By: _____
Madonna A. Herman
Attorneys for Plaintiffs
JOHN M. McKENZIE, TIMOTHY KADO, JANYCE KIPLINGER KADO, EUGENE W. ALBERT and PHILIP L. GREGORY

So Ordered:

_____
Judge Vaughn R Walker
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

January 6, 2006

806728

LA2:782988.1

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John M. McKenzie, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Fresenius Medical Care AG et al.,<br><br>                Defendants. | No. C-03-4211 VRW<br><br>**AGREEMENT TO BE BOUND BY LIMITED CONFIDENTIALITY** |

I, _____, hereby acknowledge that I am authorized to view information designated "CONFIDENTIAL" in the captioned lawsuit. I certify my understanding that: (a) such information has been provided to me pursuant to the terms and restrictions of a Confidentiality Agreement dated _____, in the captioned matter and (b) I have been given a copy of and have read the Confidentiality Agreement.

I hereby agree to comply with and be bound by the Confidentiality Agreement. I understand that, among other things, the Confidentiality Agreement precludes me from using confidential information received in this case with regard to my other representations or consultations.

LA2:785171.1

I further agree and do hereby submit myself to the jurisdiction of the court for purposes of enforcing the Confidentiality Agreement.

This _____ day of _____, 20__.

_____
Signature

_____
(Typed or Printed Name)