United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M MCKENZIE, et al,　　　　　　　　　No   C 03-4211 VRW

　　　Plaintiffs,　　　　　　　　　　　　　ORDER

　　　v

FRESENIUS MEDICAL CARE AG, et al,

　　　Defendants.
　　　　　　　　　　　　　　　　　　　/

　　　　　Pursuant to FRCP 53(a)-(b), and per the stipulation of the parties, the court appointed Hon Alfred G Chiantelli as special discovery master in this matter on January 31, 2006. Doc #99. On March 14, 2006, Judge Chiantelli issued his report and recommendations regarding (1) plaintiffs' motion to compel further responses to discovery requests and (2) allocation of the special master's fee among the parties. Pursuant to FRCP 53(g), the court afforded the parties an opportunity to object to Judge Chiantelli's report and recommendations. Doc #115. The court is in receipt of plaintiffs' objections and defendant's letter brief in reply to

plaintiffs' objections.  Doc ##116, 119.

Plaintiffs object to Judge Chiantelli's recommendation that its motion to compel responses to plaintiffs' requests for production numbered 10, 16, 20 and 21.  As the court writes principally for the parties, the court finds it unnecessary for present purposes to discuss the factual allegations in the complaint, with which the parties are no doubt intimately familiar.

FRCP 53(g)(5) provides that "[u]nless the order of appointment establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion."  The order appointing Judge Chiantelli did not specify an applicable standard of review to be employed by the court.  See Doc #99.  Accordingly, because the discovery disputes referred to Judge Chiantelli are a matter of procedural discretion, the court reviews for abuse of discretion.

I

Number 10 requests all documents relating to "an analysis or discussion, if any, of the cost and/or feasibility and/or viability of [Fresenius] 'start[ing] up an [end stage renal disease (ESRD)] lab separately [and in lieu of acquiring Spectra],' as testified by Dr Ben J Lipps on March 25, 2005."  Doc #102, Ex D at 7.  (Dr Lepps was, at all relevant times, president and CEO of Fresenius.  Compl ¶17.)  Judge Chiantelli recommended that this request be denied:

> The level of Fresenius' need to acquire Spectra is not relevant to plaintiff's fraud claim.  In an arm's length transaction one cannot reasonably conclude that a company in desperate need of making an acquisition might be more likely to mislead a

2

>party in order to close a deal.  Corporate survival instincts do not automatically engender acts of fraud.  Plaintiff is not entitled to discovery of information based on the remote possibility that a party who runs out of options has a motive to lie and/or deceive.

Doc #120 (Rept & Recs) at 2.

According to plaintiffs, the evidence at trial will show that (1) plaintiffs originally demanded $100 million for Spectra, (2) the Fresenius board of directors was strongly opposed to paying more than $75 million and (3) the combined earn out and employee bonus plan was designed to bridge the gap between these two numbers.  Doc #116 at 7.  "Under these circumstances," plaintiffs argue, "a trier of fact would be more likely to conclude that Defendants made misrepresentations regarding the earn out and bonus plan, and that they intended Plaintiffs to rely on them, if Defendants could not walk away from the acquisition without seriously jeopardizing their financial well-being, than they would if Defendants had other viable options" to the Spectra acquisition.  Id.

The court agrees with Judge Chiantelli's assessment of the exceedingly speculative probative value of the discovery requested in number 10.  The court concludes that Judge Chiantelli's finding on this issue was not an abuse of discretion.  Plaintiff's objection is accordingly OVERRULED and Judge Chiantelli's recommendation on this issue is hereby ADOPTED.

//
//
//
//

**II**

Number 16 requests "ANY DOCUMENT that RELATES TO the TOTAL HOMECARE BUSINESS for the years 1994 through 2002, including without limitation, budgets, forecasts, projections, business plans, analysis, organizational charts, intercompany memoranda, and emails (was well as any drafts of any of the foregoing)." Doc #102, Ex D at 8. Judge Chiantelli concluded that plaintiffs' motion to compel discovery responsive to this request should be denied: "Plaintiff[s'] request for documents relating to the TOTAL HOMECARE BUSINESS 1994-2002 goes beyond any part of the business from which contingent payments right[s] would be calculated. Such information had nothing to do with the renal homecare business that was to provide Plaintiff[s'] Earn Out." Rept & Recs at 3. Judge Chiantelli did, however, conclude that defendants should respond to plaintiffs' request (number 15) for documents relating the "<u>MERGER HOMECARE BUSINESS</u>," defined as "Homecare Business" in Appendix A to the agreement out of which this dispute arises. Id; see also Doc #117, Ex 1.

By plaintiffs' own admission, "[i]n order to establish damages * * *, Plaintiffs' experts will have to reconstruct * * * the likely performance (in EBITDA terms) <u>of the 'Homecare Business' [as defined in Appendix A]</u> had it been kept and operated using best efforts." Doc #116 at 3 (emphasis added). Plaintiffs have not demonstrated that the broad discovery requested in number 16 (to the extent such discovery is not the subject of request number 15) is necessary for this purpose. Judge Chiantelli's finding therefore did not constitute an abuse of discretion. Plaintiffs' objection is accordingly OVERRULED and Judge Chiantelli's finding

on this issue is hereby ADOPTED.

### III

Numbers 20 and 21 request financial statements and underlying accounting documentation regarding the financial performance of "MERGER HOMECARE BUSINESS and/or the TOTAL HOMECARE BUSINESS for the years 1994 through present." Doc #102, Ex D at 9. Judge Chiantelli did not rule on these requests on the ground that plaintiffs had withdrawn their motion to compel. Rept & Recs at 3. According to plaintiffs, they withdrew their motion to compel responses to these requests based on their understanding that Judge Chiantelli intended to grant their motion to compel responses to number 16. Doc #117 (Prescott Decl) ¶4. Because there appears to have been a misunderstanding between plaintiffs and Judge Chiantelli, the court concludes that plaintiffs should be allowed to renew their motion to compel responses to numbers 20 and 21.

Assuming plaintiffs choose to pursue this matter further, the court, pursuant to FRCP 53(g)(1), resubmits the matter to Judge Chiantelli for further proceedings in connection with plaintiffs' motion to compel discovery responsive to numbers 20 and 21. Whether, as defendants suggest, Doc #119 at 2, plaintiffs' requests are obviated by further discovery requests recently propounded by plaintiffs is a matter for Judge Chiantelli to address in the first instance. Unless Judge Chiantelli recommends otherwise, the parties shall bear equally the costs of any further proceedings before Judge Chiantelli.

//
//

IV

In sum, plaintiffs' objections to Judge Chiantelli's findings with respect to plaintiffs' motion to compel discovery responsive to request numbers 10 and 16 are OVERRULED and Judge Chiantelli's recommendations on these issues are ADOPTED. The matter is RESUBMITTED to Judge Chiantelli for further proceedings related to plaintiffs' discovery request numbers 20 and 21. Judge Chiantelli's recommendations regarding all other issues, including allocation of the special master's fee, are ADOPTED.

SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge